HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL S. BENT,<br><br>         Plaintiff,<br><br>    v.<br><br>TERESA L. FOSTER,<br><br>         Defendant. | CASE NO. C15-5418 RBL<br><br>ORDER GRANTING MOTION TO DISMISS AND AWARDING FEES<br><br>[Dkt. #s 8 and 9] |

THIS MATTER is before the court on Defendant Foster's Motion to Dismiss [Dkt. #8] and her Motion for Rule 11 Sanctions [Dkt. #9]. Foster (an attorney) represented Bent's wife in an acrimonious marriage dissolution case, in which Foster's client largely prevailed. Bent appealed and the Washington State Court of Appeals affirmed. It determined that Bent's appeal was frivolous.

Bent sued Foster in this court, alleging primarily that Foster violated a variety of his constitutional or civil rights.

**A. Motion to Dismiss.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts stating a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

1    Foster asks the court to dismiss the case and award fees or Rule 11 sanctions for frivolous
2 and abusive litigation. She also points out that she has not been served[1] process. She argues that
3 she is not a "state actor" amenable to a 42 U.S.C. §1983 lawsuit for violation of Bent's civil
4 rights. Though Foster does not squarely address the issue, it is also apparent that Bent challenges
5 some of the determinations made in the state court system[2]. This Court has no jurisdiction to
6 review a decision of the state court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16
7 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A district
8 court must give full faith and credit to state court judgments, even if the state court erred by
9 refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries*
10 *Corp.*, 544 U.S. 280, 293 (2005).

11    A related problem is that many of the issues Bent seeks to litigate now were or could
12 have been decided in state court. As a result, they are barred by the doctrine of claim preclusion.
13 Claim preclusion applies when there is 1) a previous final judgment on the merits; 2) identity of
14 claims; and 3) privity between the parties. *United States v. Liquidators of European Fed. Credit*
15 *Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

16    It is true that Foster was an attorney in the prior case and Bent's complaints are largely
17 about Foster's (and her client's, and the court's) conduct there. Bent could have and did
18 complain about these actions in state court, and when he lost, he appealed and lost again. These
19 issues have been decided against him already, and this court cannot re-visit them.

---

[1] Bent's "affidavit of service" [Dtk. 34] claims only that he mailed the summons to Foster via certified mail. This is not sufficient service under the Federal Rules. Rule 4(e).

[2] Bent's lengthy Response includes an explanation of the state appeals court's failings, "to assure this Court that his State Appeal would not be considered "frivolous" in a court that respects the Constitution and understands the history from which it grew." [Dkt. #11 at page 9 of 45]

Finally, and in any event, Bent has failed to plausibly allege a constitutional claim against Foster. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of the rights secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a *person* acting under *color of state law*. *Parratt v. Taylor*, 452 U.S. 527, 535, 101 S. Ct. 108 (1981) (emphasis added). To be liable, the wrongdoer must personally *cause* the violation. *Leer v. Murphy*, 844. F.2d 628, 633 (9th Cir. 1988).

A private person can act under the color of state law for purposes of §1983 actions when that person jointly engaged with state officials in a challenged action. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). For private actors, the issue is whether the alleged infringement of federal rights is "fairly attributable" to the government. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (*citing Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999). For a private person to be considered a state actor, there must be a "close nexus" between the private actor and the State. It is not enough that the actor is regulated by the state, or that he contracts with the state:

> Detailed regulation (of and substantial funding for) private actors are not sufficient to transform the party's conduct into state action. The State [must be] so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

*Jensen v. Lane County*, 222 F.3d 570, 575 (9th Cir. 2000) (citations omitted).

Bent argues that Foster's use of the state law and state court system is enough to make her a state actor under *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982), which dealt primarily with the effect of state law prejudgment attachment statues.

In *Lugar,* the Supreme Court held that private parties who invoke a state attachment statute that was constitutionally deficient may be potentially liable under § 1983 if their actions are "fairly attributable" to the state. When determining whether a private party invoking state

procedure acts "under color of state law" for § 1983 purposes, the *Lugar* Court established a two part test: (1) the deprivation must be caused by the exercise of some right or privilege created by the state, and (2) the private party has acted together with or obtained significant aid from state officials. *Lugar,* 457 U.S. at 937, 102 S.Ct. 2744.  *See Van Blaricom v. Kronenberg*, 112 Wash. App. 501, 509, 50 P.3d 266, 270 (2002).

But Bent does not plausibly (or otherwise) allege that Foster invoked a constitutionally deficient pre-judgment attachment procedure to seize his property.  Foster represented her client in the case and sought and obtained from the court a TRO and other disputed relief.  The appellate court reviewed the trial court's determinations—the same determinations that Bent complains about here—and not only found that the trial court was correct, but also that Bent's appeal was "frivolous."

Every private attorney uses "privileges created by the state"—the law—and every attorney who prevails in court could be broadly and misleadingly described as having "obtained significant aid from state officials." But that does not make a private attorney a "state actor" for purposes of the losing party's subsequent constitutional claim against his adversary's lawyer. The lawyer's conduct is not "fairly attributable to the state" in any but the most extreme and unusual case.  This is not such a case.

Bent's claims against Foster all relate to his complaints about the fact that he lost at trial, and that the consequences of that loss are that he lost money and familial relationships.  He also describes this as "cruel and unusual punishment."   But he has not cited any case supporting his arguments (*Lugar* certainly does not) and he has not plausibly pled a viable claim against Foster. He cannot remedy the fatal flaws in his claim through amendment.

The Motion to Dismiss all of Bent's claims is GRANTED and the claims (and the case) are **DISMISSED WITH PREJUDICE,** without leave to amend.

**B.   Motion for fees and sanctions.**

Foster also asks the court to impose an award of sanctions (in the form of attorneys' fees) against Bent for frivolous and abusive litigation.  Bent's response on this point is largely unintelligible and does not address the Rule or the standards against which a request for fees must be measured.  He does claim that the Court of appeals; characterization of his prior claims as frivolous should be revisited here.  This is not persuasive.

Under Fed R. Civ. P. 11(b), every attorney or unrepresented litigant's filings include a representation that it is not presented for any improper purpose, that the claims and defenses are warranted by law, and that their factual contentions have or will have evidentiary support.  Under Rule 11(c), after notice and an opportunity to be heard, a court can impose an appropriate sanction for such violations. An actual hearing is not required. Foster's request for sanctions complies with Rule 11, and while Bent's response does not address these standards, it is clear that he had and took the opportunity to respond.

For the reasons outlined in the Court of Appeals' opinion, Foster's Motion, and this Order, Bent's §1983 claims against Foster are facially frivolous.  They have already been litigated and lost, and this court cannot and will not re-visit them.  Foster is not a state actor under any fair reading of any precedent on the subject, and it is clear that Bent is simply continuing a pattern of punitive litigation that he practiced in the state court system.

Foster's Motion for a Sanction in the form of attorneys' fee of $1200.00 is **GRANTED**. Bent shall pay this amount to Foster or her attorney within **21 days** of this order, and file a notice

1  in this court that he has done so. If he does not, the Clerk shall enter a judgment in that amount
2  against Bent and in favor of Foster.
3      IT IS SO ORDERED.
4      Dated this 19th day of September, 2015.

                                                                  _____
                                                                  Ronald B. Leighton
                                                                  United States District Judge